IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TORRA JOHNSON, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | **JURY DEMANDED** |
| v. | ) | |
| | ) | |
| GERRESHEIMER GLASS INC. | ) | |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, TORRA JOHNSON (hereinafter "Plaintiff"), by and through her attorneys, and for her Complaint against Defendant, GERRESHEIMER GLASS INC. ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a complaint for damages, equitable relief, and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Emergency Paid Sick Leave Act ("EPSLA") of the Families First Coronavirus Response Act ("FFCRA"), Division E, §§ 5101-5111, Pub. L. No. 116-127, 134 Stat. 178, 195-201 (March 18, 2020).

**JURISDICTION AND VENUE**

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under laws of the United States, the ADA, FMLA, EPSLA, and FFCRA. This Court also has jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1337.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

4. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a. Plaintiff filed a Charge of Discrimination, number 440-2021-03120, with the Equal Employment Opportunity Commission ("EEOC") on March 25, 2021.

    b. The EEOC issued a Notice of Right to Sue to Plaintiff for said charge on May 5, 2021.

## PARTIES

5. Plaintiff is an individual who at all relevant times resided in Ford Heights, Illinois.

6. Defendant is a corporation of the State of Delaware which is registered with the Secretary of State to do business in Illinois, and which has its principal place of business in Vineland, New Jersey. Defendant has a business location located at 1131 Arnold Street, Chicago Heights, Cook County, Illinois.

7. Plaintiff and Defendant are each "persons" as defined in 42 U.S.C. § 12111(7), as they meet the definition of a person as defined in 42 U.S.C. § 2000e(a), in that they both "include[] one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations…."

8. Plaintiff and Defendant are also both "persons" as defined in 29 U.S.C. § 2611(8), as they are both "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

9. Defendant is an "employer" as defined in 42 U.S.C. § 12111(5)(A), as it is a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10. Defendant is also an "employer" as defined in 29 U.S.C. § 2611(4)(i), as it is "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."

11. At all relevant times, Defendant was an "employer" as defined by the EPSLA, as it is a private entity engaged in commerce or in an industry or activity affecting commerce that employs fewer than 500 employees. *See* 29 U.S.C. § 2620(a)(1)(B); FFCRA, Division E, § 5110(2).

12. Plaintiff is an "employee" as defined in 42 U.S.C. § 12111(4), as she is an individual who was employed by the Defendant, an employer.

13. Plaintiff is an "eligible employee" as defined in 29 U.S.C. § 2611(2)(A), as she was an employee who had been employed "for at least 12 months by the employer with respect to whom leave [had been] requested" and "for at least 1,250 hours of service with such employer during the previous 12-month period."

14. Plaintiff was a "qualified individual" as defined in 42 U.S.C. § 12111(8), as she was an individual who, with or without reasonable accommodation, could perform the essential functions of the employment position that she held.

15. At all relevant times, Plaintiff was an "employee" as defined by the EPSLA, as she was an employee of a covered employer, Defendant. *See* FFCRA, Division E, §§ 5102(a) and 5110(1).

**BACKGROUND FACTS**

16. Plaintiff began working for Defendant at its location in Chicago Heights, Illinois on January 15, 2018.

17. Plaintiff was employed as a Selector, earning $19.47 per hour, and her duties included checking bottles.

18. Upon information and belief Defendant has approximately 400 employees.

19. On May 15, 2020, after experiencing symptoms of the COVID-19 virus, Plaintiff underwent testing for COVID-19 at Saint James Hospital in Olympia Fields, Illinois.

20. On May 17, 2020, Plaintiff's test came back positive for infection with the COVID-19 virus.

21. After receiving the positive result, Plaintiff called Tiffany Burnett ("Burnett") in Defendant's human resources department and notified Burnett that she would not be able to come to work pursuant to her doctor's orders.

22. Plaintiff's doctor, Josephine Nwawueze ("Dr. Nwawueze") of John H. Stroger Jr. Hospital, provided Burnett, and thereby Defendant, with documentation of Plaintiff's condition.

23. On June 9, 2020 Plaintiff provided documentation to Defendant stating that Plaintiff was approved to return to work, but Burnett told Plaintiff additional documentation was needed before she could return.

24. Thereafter, Plaintiff and Dr. Nwawueze made multiple attempts to send the additional documents Burnett requested. Defendant did not respond to any of Plaintiff's or Dr. Nwawueze's calls or facsimile transmissions.

25. Due to Defendant's failure to respond, Plaintiff sent a text message to the President of the Union, Andre (last name unknown), to inquire about her work status. Andre told Plaintiff that he would get back to her. Andre then told Plaintiff to contact the Union's Vice President, Chin (last name unknown).

26. On June 25, 2020, Chin informed Plaintiff via telephone that her employment with Defendant was terminated.

27. Plaintiff was not compensated for any of the time she was unable to work due to her COVID-19 diagnosis.

## COUNT I
## VIOLATION OF THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT
## FAILURE TO PROVIDE PAID LEAVE

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 above as if fully set forth herein.

29. Effective April 1, 2020, the FFCRA provides for two weeks (80 hours) of paid leave through the Emergency Paid Sick Leave Act for employees who were unable to work for a qualifying reason expressed in the Act. FFCRA, *See* Division E, § 5102.

30. The FFCRA expressly identifies that a qualifying reason for Emergency Paid Sick Leave is when an employee is experiencing symptoms of COVID-19 and seeking a medical diagnosis. *See* FFCRA, Division E, § 5102(a)(3); 29 C.F.R. § 826.20(a)(4).

31. The FFCRA also expressly identifies that a qualifying reason for Emergency Paid Sick Leave is when an employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19. *See* FFCRA, Division E, § 5102(a)(2).

32. Plaintiff was an eligible employee under the FFCRA because, as set forth above, her need for leave was directly encompassed by the FFCRA.

33. The FFCRA requires covered employers to notify their employees of their rights to take paid leave under the FFCRA. *See* FFCRA, Division E, § 5103(a).

34. Defendant violated the FFCRA when it failed to provide Plaintiff with emergency paid sick leave during the time she was experiencing symptoms of COVID-19 and during her self-isolation and quarantine period after testing positive for COVID-19.

35. Employers in violation of the Emergency Paid Sick Leave Act of the FFCRA are subject to the enforcement and damages provisions set forth in the Fair Labor Standards Act ("FLSA"), including 29 U.S.C. §§ 216 and 217. *See* FFCRA, Division E, § 5105(a)(2).

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant as follows:

(a) Awarding Plaintiff a judgment against Defendant for lost wages, back pay, and statutory damages pursuant to 29 U.S.C. §§ 216 and 217;

(b) Awarding Plaintiff a judgment against Defendant for punitive and/or liquidated damages in amount to be determined at trial;

(c) Awarding Plaintiff a judgment against Defendant for her costs, expenses, and reasonable attorney's fees pursuant to the FFCRA;

(d) Awarding pre-judgment and post-judgment interest, as provided by law; and

(e) Granting such other equitable and further relief as this Court deems equitable and just.

**COUNT II**
**VIOLATION OF THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT**
**RETALIATION**

36. Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set forth herein.

37. Section 5104(1) of the FFCRA states: "It shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who (1) takes leave in accordance with this Act." *See* 29 C.F.R. § 826.150(a).

38. As stated herein, Plaintiff took leave for a qualified reason under the EPSLA and was subsequently discharged.

39. Employers that retaliate against employees are subject to the anti-retaliation penalties under the Fair Labor Standards Act, 29 U.S.C. §§ 216, 217. *See* 29 C.F.R. § 826.150(b)(2).

40. Defendant retaliated against Plaintiff for taking leave in accordance with the EPSLA and is thus subject to the penalties described in 29 U.S.C. §§ 216 and 217. *See* FFCRA, Division E, § 5105(b); 29 C.F.R. § 826.150.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant as follows:

(a) Awarding Plaintiff a judgment against Defendant for lost wages and statutory damages pursuant to 29 U.S.C. §§ 216 and 217;

(b) Awarding Plaintiff a judgment against Defendant for backpay and front pay in an amount to be determined at trial;

(c) Awarding Plaintiff a judgment against Defendant for punitive and/or liquidated damages in amount to be determined at trial;

(d) Awarding Plaintiff a judgment against Defendant for her costs, expenses, and reasonable attorney's fees pursuant to the FFCRA;

(e) Awarding pre-judgment and post-judgment interest, as provided by law; and

(f) Granting such other equitable and further relief as this Court deems equitable and just.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## DISABILITY DISCRIMINATION

41. Plaintiff re-alleges and incorporates paragraphs 1 through 27 above as if fully set forth herein.

42. Defendant intentionally discriminated against Plaintiff on the basis of her disability by refusing to provide reasonable accommodations for Plaintiff's disability, and by terminating Plaintiff's employment due to her disability.

43. In taking such actions, Defendant also retaliated against Plaintiff because of her disability and/or her request for reasonable accommodation due to her disability.

44. Defendant, through its employees, agents, and/or authorized representatives, knew that its retaliation, termination, and discriminatory treatment of Plaintiff violated the ADA.

45. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

46. During Plaintiff's employment with Defendant and when Plaintiff was terminated by Defendant, she was subjected to discrimination and retaliation for engaging in a legally protected activity, as set forth above.

47. The discriminatory and retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant as follows:

(a) Declaring Defendant's practices complained of herein unlawful and in violation of the ADA;

(b) Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys, and those acting in concert with it or them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

(c) Ordering modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate or retaliate against employees who exercise their rights under the ADA;

(d) Ordering Defendant to reinstate Plaintiff to the position she would now be occupying but for the discriminatory and retaliatory practices of Defendant, and adjusting the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have received but for the discriminatory and retaliatory practices of Defendant, or awarding Plaintiff front-end and future pay;

(e) Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the discriminatory and retaliatory practices or Defendant and the willful violations of Defendant;

(f) Awarding Plaintiff compensatory, liquidated, and/or punitive damages as allowed by law;

(g) Awarding Plaintiff all witness fees, court costs, and other litigation costs incurred in this Action, including reasonable attorneys' fees;

  (h) Awarding pre-judgment and post-judgment interest, as provided by law; and

  (i) Awarding any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## COUNT IV
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## RETALIATION

48. Plaintiff re-alleges and incorporates paragraphs 1 through 27 and 41 through 47 above as if fully set forth herein.

49. Plaintiff engaged in a protected activity by disclosing her disability and requesting a reasonable accommodation from Defendant.

50. Defendant failed to engage in an interactive process with Plaintiff, refused to provide Plaintiff with a reasonable accommodation, and terminated Plaintiff's employment shortly after her request for reasonable accommodation.

51. Plaintiff's discharge occurred a short time after her request for reasonable accommodation for her disability, thereby raising an inference of retaliatory motivation.

52. In taking such actions, Defendant also retaliated against Plaintiff because of her disability and/or her request for reasonable accommodation due to her disability.

53. Defendant, through its employees, agents, and/or authorized representatives, knew that its retaliation, termination, and discriminatory treatment of Plaintiff violated the ADA.

54. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

55. During Plaintiff's employment with Defendant and when Plaintiff was terminated by Defendant, she was subjected to discrimination and retaliation for engaging in a legally protected activity, as set forth above.

56. The discriminatory and retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant as follows:

(a) Declaring Defendant's practices complained of herein unlawful and in violation of the ADA;

(b) Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys, and those acting in concert with it or them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

(c) Ordering modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate or retaliate against employees who exercise their rights under the ADA;

(d) Ordering Defendant to reinstate Plaintiff to the position she would now be occupying but for the discriminatory and retaliatory practices of Defendant, and adjusting the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have received but for the discriminatory and retaliatory practices of Defendant, or awarding Plaintiff front-end and future pay;

(e) Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the discriminatory and retaliatory practices or Defendant and the willful violations of Defendant;

(f) Awarding Plaintiff compensatory, liquidated, and/or punitive damages as allowed by law;

(g) Awarding Plaintiff all witness fees, court costs, and other litigation costs incurred in this Action, including reasonable attorneys' fees;

(h) Awarding pre-judgment and post-judgment interest, as provided by law; and

(i) Awarding any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## COUNT V
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

57. Plaintiff re-alleges and incorporates paragraphs 1 through 27 above as if fully set forth herein.

58. The acts and conduct of Defendant as aforesaid were in willful violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Said statute imposes certain duties upon Defendant, including notifying employees such as Plaintiff of their eligibility under the FMLA upon Defendant's constructive notice of Plaintiff's entitlement to leave. Said statutes were intended to prevent the type of injury and damage herein set forth.

59. By the acts and conduct described above, Defendant was willfully in violation of said statutes, as it was required to act upon constructive notice of Plaintiff's serious health condition, which entitled her to leave under the FMLA.

60. By failing to request further information from Plaintiff and/or her healthcare provider(s) as necessary to confirm her entitlement, Defendant interfered with Plaintiff's rights under the FMLA.

61. By the aforesaid acts and conduct of Defendant, Plaintiff has been directly and legally caused to suffer actual damages pursuant to 29 U.S.C. § 2617 including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, and other pecuniary loss not presently ascertained.

62. The aforementioned acts of Defendant were willful, wanton, and intentional, and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff.

63. The aforementioned acts of Defendant were done by managerial agents and employees of Defendant and with the express knowledge, consent, and ratification of managerial agents and employees of Defendant, thereby justifying an award of punitive and exemplary damages in an amount to be determined at the time of trial.

64. As a result of the acts of Defendant as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided in 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant as follows:

(a) Declaring Defendant's practices complained of herein unlawful and in violation of the FMLA;

(b) Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys, and those acting in concert with it or them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

(c)     Ordering modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to interfere with its employees' rights under the FMLA;

(d)     Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the violations of the FMLA by Defendant;

(e)     Awarding Plaintiff compensatory, liquidated, and/or punitive damages as allowed by law;

(f)     Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees;

(g)     Awarding pre-judgment and post-judgment interest, as provided by law; and

(h)     Awarding any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## COUNT VI
## UNLAWFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

65. Plaintiff re-alleges and incorporates paragraphs 1 through 27 above as if fully set forth herein.

66. Plaintiff was discharged from her employment with Defendant on or about June 25, 2020.

67. Plaintiff was discharged from her employment with Defendant due to taking time off to self-quarantine, as a result of a positive COVID-19 test.

68. Plaintiff's discharge was in violation of a clear mandate of public policy, as the public policy of State of Illinois requires individuals diagnosed with COVID-19 to self-quarantine to avoid the spread of the virus during a time of pandemic.

69. Plaintiff's discharge by Defendant was in violation of a clear mandate of public policy of the State of Illinois requires individuals diagnosed with COVID-19 to self-quarantine to avoid the spread of the virus during a time of pandemic.

70. Plaintiff was required to quarantine pursuant to her doctor's orders after her positive COVID-19 test.

71. Plaintiff was discharged for her employment with Defendant very shortly thereafter.

72. Plaintiff has suffered stress, aggravation, frustration, emotional distress, and mental anguish as a result of Defendant's willful and wanton disregard of her rights, as stated herein.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant as follows:

(a) Declaring Defendant's practices complained of herein to be in violation of public policy;

(b) Awarding Plaintiff judgment against Defendant for compensatory damages;

(c) Awarding Plaintiff back pay and front pay in an amount to be determined at trial;

(d) Awarding punitive damages in an amount to be determined at trial; and

(e) Granting such other equitable and further relief as this Court deems equitable and just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

TORRA JOHNSON

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com